944

LEWIS AND CLARK PLAYGROUND ASSOCIATION, *Respondent*, v. THE CITY OF
SPOKANE *et al., Appellants.*[1]

*Frederick A. Clanton,* for appellants.

*Keith, Winston, MacGillivray & Repsold* and *John T. Day,* for respondent.

MALLERY, J.—The plaintiff, Lewis and Clark Playground Association, is a charitable and educational corporation organized for the purpose of holding, using and/or disposing of property for the benefit of the school children of Spokane, more especially those of the Lewis and Clark high school.

It desired to sell a part of the property here in question to the city of Spokane for the purpose of erecting a library. However, the Spokane Title Company refused to issue insurance that the title was free from restrictions against use for business purposes.

The plaintiff, thereupon, brought this action seeking to quiet title to the property here in question by way of a decree that it is held free from any restriction against its use for business purposes. It may be noted that the action is not limited to a decree as to libraries only.

The defendants are the city of Spokane and approximately two thousand two hundred fifty lot owners in Cook's Fourth Addition and the Manito Park Addition to the city of Spokane. Two hundred thirty-four of such owners are named as defendants in the complaint, all others being included upon the theory of virtual representation.

From a judgment as prayed for in the complaint, twelve of the defendants appeal.

The property in question was acquired by the Spokane-Washington Improvement Company February 25, 1904, from the Northwestern and Pacific Hypotheekbank and J. Grier Long. It immediately conveyed the property to the Spokane Country Club, which procured the vacation of the streets and alleys. The Manito Park Investment Company acquired the property in 1913, and conveyed it to the respondent in 1928.

None of the conveyances in the respondent's chain of title have restrictions of any kind. The appellants do not dispute this, their theory being that prior to 1904 there was in existence a common neighborhood building plan which restricted the use of the property in question as well as the property adjoining it.

Substantially all deeds conveying property in the Manito Park Addition and in Cook's Fourth Addition contain express restrictions against its use for business purposes. However, there had only been eight such conveyances made prior to the conveyance of the property in question to the Spokane Country Club. Nevertheless, the appellants contend that,

[1]Reported in 248 P. (2d) 407.

since the Spokane Country Club had notice of such a neighborhood building plan by reason of certain newspaper advertisements, and because the existence of such plan was a matter of common knowledge in the city of Spokane, it and its successors in interest are bound by the restriction.

Accordingly, the appellants are assigning but two fundamental errors in the trial court's findings of fact. They contend that the trial court should have found (1) the existence of a common neighborhood building plan restricting the land in Manito Park subdivision against business use in 1903, and (2) that the respondent had notice of such a plan and was bound by it through its predecessor in title, the Spokane Country Club.

We do not reach a discussion of law upon this kind of a property restriction for the reason that the trial court found there was no such common building plan of which the Spokane Country Club could have had notice. Therefore, it is sufficient for us to say that the record supports the findings of the trial court.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.